UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

                        :

JONATHAN T. POWELL               :

                        :

           Plaintiff,       :

                        :

          -against-       :

                        :

CORRECTIONAL MEDICAL       :
CARE, INC.; LORRAINE LEVITAS; and  :
ORANGE COUNTY SHERIFF DEP'T.   :

                        :

          Defendants.    :

                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9-22-15

13cv6842

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Jonathan T. Powell, a pro se inmate, filed this federal civil rights action seeking

damages for deliberate indifference to serious medical needs.  On August 14, 2014, this Court

dismissed Powell's first Amended Complaint without prejudice.  Powell v. Corr. Med. Care,

Inc., No. 13-cv-6842, 2014 WL 4229980 (S.D.N.Y. Aug. 15, 2014).  Powell filed a Second

Amended Complaint on November 17, 2014 (ECF No. 37.)[1]  Defendants Lorraine Levitas, the

Orange County Sheriff's Department, and Orange County Correctional Facility ("OCCF"), now

move to dismiss Powell's Second Amended Complaint.  Powell has not interposed any

opposition.  For the following reasons, Defendants' motion to dismiss is granted and the Second

Amended Complaint is dismissed with prejudice.

## BACKGROUND

        Familiarity with this Court's August 15, 2014 Order (ECF No. 49) is presumed

---

[1] The Second Amended Complaint removes Tom Roome, Maria Karimi and Mohammed
Sharfuddin as defendants from this action.

and the relevant underlying facts are not repeated here.

## DISCUSSION

I.    Motion to Dismiss

On a motion to dismiss, a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citation omitted) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [her claim]"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citation omitted).

A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint–Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). Because Powell is a pro se litigant, this Court construes the Second Amended Complaint liberally and interprets it to raise the strongest arguments it suggests. See Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014). Nevertheless, a court need not accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994); see also Walker v.

Schult, 717 F.3d 119, 124 (2d Cir. 2013).  Moreover, while Powell did not submit any opposition to Defendants' motion to dismiss, that alone does not warrant dismissal of his complaint.  See McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000).  Rather, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall, 232 F.3d at 322–23.

II.    Allegations Against Levitas

As explained in this Court's August 14, 2014 Memorandum and Order, "[s]ubstitution of over-the-counter drugs for prescription pain relievers is not a deviation from reasonable medical practice, although additional facts pled in tandem with a substitution may state a claim." Powell, 2014 WL 4229980, at *4.  The Second Amended Complaint offers no additional pertinent facts regarding Levitas' prescription of pain relievers that were not set forth in the first Amended Complaint.  Again, these allegations amount to nothing more than a "decision to prescribe one form of pain medication in place of another[, which] does not constitute deliberate indifference to a prisoner's serious medical needs." Rush v. Fischer, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013); see also Douglas v. Stanwick, 93 F. Supp. 2d 320, 325 (W.D.N.Y. 2000) ("[This] is particularly true when one of the physicians is more familiar with the jail or prison environment, and therefore more sensitive to the need to restrict narcotics use.") Likewise, the Second Amended Complaint pleads no additional pertinent facts regarding Levitas' subjective culpability.  As in the first Amended Complaint, "[t]here is no suggestion that Levitas had an improper motive for dispensing over-the-counter drugs rather than the pain reliever prescribed by Powell's outside physician." Powell, 2014 WL 4229980, at *4 (S.D.N.Y. Aug. 15, 2014).

III.   Failure to Provide Physical Therapy

   After Powell filed his first Amended Complaint, Defendants' allegedly failed to provide him with timely access to physical therapy.  Powell raised this issue in his opposition to Defendants' first motion to dismiss.  At that time, this Court construed that claim as a motion to amend the pleadings and considered it.  Those claims were dismissed, however, because "[d]eliberate indifference requires a showing of personal involvement" and Powell's opposition papers gave no "indication who, if anyone, denied those requests [for physical therapy]."  Powell, 2014 WL 4229980, at *6.  The same is true of the Second Amended Complaint.

IV.   Allegations Against CMC

   Powell's Second Amended Complaint names as defendants the Orange County Correctional Facility, which contracted with CMC to provide prisoners medical treatment, along with the Orange County Sheriff's Department, which allegedly was in charge of the policies and customs at OCCF.  However, like the First Amended Complaint, the Second Amended Complaint offers no facts regarding individual policies or policy makers sufficient to meet the requirements set forth in Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978) and its progeny.

CONCLUSION

For the foregoing reasons, along with the reasons set forth in this Court's August 15, 2014 Memorandum and Order, the motion to dismiss the Second Amended Complaint by Defendants Lorraine Levitas, Orange County Sheriff's Department, and Orange County Correctional Facility is granted. Because this Court finds that further amendment would be futile, that dismissal is with prejudice. The Clerk of Court is directed to terminate the motion pending at ECF No. 43 and close this case.

Dated: September 22, 2015
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copy mailed to:*

Jonathan T. Powell
DIN#04A1929
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403
*Plaintiff pro se*

*Copy sent via ECF to:*

Shelly L. Baldwin
Wilson Elser Moskowitz Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017
*Counsel for Defendants*

5